For petitioner: Thomas F. Vance.
For respondent: Rosenfeld & Hagan.

---

Nellie M. Rowe
vs.                    } W. C. A. No. 155.
River Spinning Company

January 20, 1928.

TANNER, P. J. This is a Workmen's Compensation Petition.

The husband of the petitioner on the 31st day of July. 1916, came home ill. His wife asked him what was the trouble and said "he told me he was

dying. I asked him what the trouble was. He was unloading bales of cotton outside in the freight yard from a freight car in the River Spinning Company. He was unloading three bales so he told me the sun got him in the unloading part and afterwards he went in. Said he was sick so he came home." He went to the Rhode Island and died that night.

This is the only evidence admitted to prove the petition. This declaration by the deceased is only admissible because of a statutory amendment to the effect that a declaration of a deceased person shall not be inadmissible in evidence as hearsay if the Court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarer.

R. I. Acts and Resolves, January, 1927, Chap. 1048.

In sun-stroke cases the law seems to be that it is necessary to show that the injured employee was subjected by reason of his employment to some exposure other than that to which other people working outside in the same locality would be exposed. It might well be that a person was prostrated by exposure to the sun because of his weakened condition which would not permit him to withstand the exposure which a person in ordinary health could easily withstand. There is a total lack of evidence to prove the necessary circumstances to enable the petitioner to recover.

James Kulka vs. Hartford & N. Y. Transportation Co., 1st of Conn., Comp. Dec., 542.

Rodger vs. Paisley School, 5 B. W. C. C. 547.

Robeson S. K. Ford & Co., Ltd. vs. Blakely, 5 B. W. C. C. 536.

"Except in those cases where the sunstroke was due to exposure peculiarly severe because of the nature and location of the employment, a sun-stroke received under ordinary and not unnatural conditions should be treated as an illness due to a weakened condition of the employee rather than a personal risk."

1st Honnold page 218.

There is no evidence to show that the exposure was peculiarly severe because of the nature and location of the employment. For aught we know the location may have been one where there was plenty of breeze and the heat may not have been excessive.

We must therefore deny the petition.

For petitioner: Arthur Cushing & Edward W. Bradford.

For respondent: Ralph T. Barnefield.